**AMERICAN CIVIL LIBERTIES UNION OF KENTUCKY & Bart McQueary Plaintiffs**

v.

**MERCER COUNTY, KENTUCKY & Charles H. McGinnis, in his official capacity as Mercer County Judge Executive Defendants**

No. CIV.A. 01–480–KSF.

United States District Court, E.D. Kentucky, Lexington Division.

Jan. 22, 2003.

Everett C. Hoffman, Segal, Stewart, Cutler, Lindsay, Janes & Berry, PLLC, Louisville, KY, David A. Friedman, Caroline L. Laurie Griffith, Amer. Civil Liberties Union, Louisville, KY, for Amer. Civil Liberties Union, Louisville, KY, for plaintiffs.

Mathew D. Staver, Erik W. Stanley, Longwood, FL, Francis J. Manion, Amer. Center for Law & Justice, New Hope, KY, for defendants.

OPINION & ORDER

FORESTER, Chief Judge.

This matter is before the Court upon the defendants' motion for summary judgment [DE # 24]. The plaintiffs have filed a response and this matter is ripe for review.

### I. FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs initiated this controversy on November 27, 2001, by filing a complaint seeking declaratory and injunctive relief under 42 U.S.C. § 1983, alleging that a display in the Mercer County Courthouse violates the Establishment Clause of the First Amendment. The "Foundations of American Law and Government display" at issue includes framed copies, all the same size, of the following: the Mayflower Compact; the Declaration of Independence; the Ten Commandments; the Magna Carta (in two frames); the Star Span-

gled Banner; the National Motto "In God We Trust;" the Preamble to the Kentucky Constitution; the Bill of Rights; and Lady Justice. The plaintiffs allege that the inclusion of the Ten Commandments in the display constitutes the establishment of religion by Mercer County.

The Court heard oral argument upon plaintiffs' motion for a preliminary injunction and defendants' motion for summary judgment on August 22, 2002. The plaintiffs' motion for a preliminary injunction was denied on August 22, 2002, and a written opinion elaborating upon that ruling was issued September 6, 2002. *See American Civil Liberties Union of Kentucky v. Mercer County,* 219 F.Supp.2d 777 (E.D.Ky.2002). The findings of fact and conclusions of law as set forth in the above opinion are hereby incorporated by reference in this Opinion and Order.

At the August 22, 2002, hearing, the Court denied the defendants' motion for summary judgment without prejudice in order to provide the plaintiffs a reasonable time in which to conduct discovery to set forth evidence in opposition to the defendants' motion.[1] The Court specifically inquired of plaintiffs' counsel how much time was needed for discovery, and it was agreed by both sides that the parties would be granted 120 days from August 22, 2002, in which to conduct discovery. *See* General Minutes of Hearing on Pending Matters [DE # 24]. The defendants filed a renewed motion for summary judgment at the conclusion of the 120-day period, on December 24, 2002.

## II. DISCUSSION

### A. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The evidence, all facts, and any inferences that may be permissibly drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Companies, Inc.,* 8 F.3d 335, 340 (6th Cir.1993). Conclusory allegations are not

---

1. The defendants initially filed a motion for summary judgment on January 2, 2002, before the plaintiffs had the opportunity to conduct discovery. The defendants' initial motion was properly before the Court because a party defending a claim may move for summary judgment at any time. Fed.R.Civ.P. 56(b). Despite the defendants' right to a ruling on the ripe motion for summary judg-

ment, the Court, out of an abundance of fairness to the plaintiffs in this context where purpose is determinative, denied the motion in order to allow a full opportunity for the parties to provide evidence concerning the circumstances surrounding the display. *Cf. Santa Fe Independent School Dist. v. Doe,* 530 U.S. 290, 315, 120 S.Ct. 2266, 147 L.Ed.2d 295 (2000).

enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252, 106 S.Ct. 2505. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505 (citations omitted). Based upon these principles, defendants are entitled to summary judgment.

## B. Analysis

The defendants' renewed motion for summary judgment incorporates the arguments set forth in the initial motion for summary judgment, as well as the Court's findings of fact and conclusions of law from the August 22, 2002, hearing. Moreover, the defendants emphasize that the plaintiffs have not conducted discovery during the 120 days, nor requested an extension of the time period to conduct discovery.

Plaintiffs acknowledge "McQueary has not conducted discovery, to be sure." *Plaintiffs' response to defendants' renewed motion for summary judgment,* p. 2. Accordingly, the evidence presently before the Court is the same as that when the previous Opinion and Order was issued. As stated, the facts and legal analysis from that opinion are incorporated herein. The display clearly has a legitimate secular purpose of, including but not limited to, acknowledging the historical influence of the Commandments on the development of this country's laws, and the record is devoid of any evidence indicating a religious purpose by the government. In addition, for the reasons previously stated, the primary purpose or effect of the display is not to endorse religion as a matter of law.

Inexplicably, the defendants assert that this case was stayed pending the Sixth Circuit's decision in similar cases arising out of McCreary, Pulaski, and Harlan counties. This Court's opinion clearly explains the legally operative factual difference between this case and *McCreary,* as well as the Court's disagreement with portions of *McCreary* extended to this case. Regardless, the Court made no explicit or implicit indication that this case was stayed in the minutes from the August 22, 2002, hearing, the Opinion and Order, or in any other communication. To the contrary, in the interests of efficiency, the Court's analysis attempted to point the parties toward conducting discovery on the critical issue of the purpose for the display; however, both the general minutes and the written opinion simply granted the parties 120 days to conduct discovery.

The nonmovants (here the plaintiffs) may not rely on subjective beliefs to show a genuine dispute. *See e.g., Carpenter v. Fed. Nat'l Mort. Ass'n,* 174 F.3d 231, 236–37 (D.C.Cir.) *cert. denied,* 528 U.S. 876, 120 S.Ct. 184, 145 L.Ed.2d 155 (1999). The nonmovants also may not defeat summary judgment by conclusory responses. *See e.g., Bickerstaff v. Vassar College,* 196 F.3d 435, 451–52 (2d Cir.1999) *cert denied,* 530 U.S. 1242, 120 S.Ct. 2688, 147 L.Ed.2d 960 (2000). "[A] bare contention that an issue of fact exists is insufficient to raise a factual issue." *Northern Assurance Co. v. Summers,* 17 F.3d 956, 961 (7th Cir.1994). "The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1480 (6th Cir.1989).

The plaintiffs' failure to respond to the defendants' properly supported summary judgment motion with evidence and citations to the record is reason alone to grant the motion. Regardless, the Court has

once again reviewed the record and the plaintiffs are without "affirmative" evidence to defeat the defendants' summary judgment motion. *See Liberty Lobby,* 477 U.S. at 257, 106 S.Ct. 2505.

For the foregoing reasons, the Court, being fully advised, HEREBY ORDERS that defendants' motion for summary judgment [DE # 24] is GRANTED and a judgment shall be entered contemporaneously herewith..

### SUMMARY JUDGMENT

In accordance with the Opinion and Order entered contemporaneously with this summary judgment, the Court HEREBY ORDERS and ADJUDGES that:

(1) summary judgment is entered in favor of defendants and plaintiffs' claims are DISMISSED WITH PREJUDICE;

(2) this judgment is final and appealable and no just cause for delay exists; and

(3) this matter is STRICKEN from the active docket.